May it please the Court. Sir. Words have meaning and their meaning doesn't change. That was Justice Anthonin Scalia writing on how to read a statute and those words ring true in this appeal. I'm Rick Boitis and I represent Attorney Andrew Magdy, the recipient of 160 pieces of mail from debt collector I.C. System, none of which were about debts owed by Magdy or his clients. Magdy lost time and money when he reviewed each piece of mail that was addressed to him, and he sued I.C. System under Section 1692C.B. of the Fair Debt Collection Practices Act, the section that prohibits debt collectors from contacting, quote, any person other than the true debtor about the debt. Section 1692K granted Magdy the private right of action. It grants, quote, any person the right to of the FDCPA with respect to that person. For Magdy's first point on appeal, the district court errantly wrote in a consumer-only requirement into both Sections 1692C.B. and 1692K and found that Magdy, because he was not a consumer debtor, lacked standing to sue I.C. System. You know, I think that what the district court might have been trying to do was apply the old zone of interest test, and I know it's been altered by Lexmark, but I think he was saying, you know, the purpose of the statute is to protect the debtor, which is why it allows consent by the debtor and things like that. Why is that wrong, in your view? Because it's not in the text of the statute, to borrow from Justice Scalia. We don't even get there. And if we wanted to talk about zone of interest, the statute in 1692E, the preface to the statute, sets forth the purpose of the FDCPA. And if you read 1692E, even if we want to go into the zone of interest argument, and again, I don't think we get there, but that says that the purpose of the Act is to police debt collectors, not to protect debt collectors. That's the language that's used. I quote 1692E, the very first purpose of the Act is to, quote, eliminate abusive debt collection practices by debt collectors. And to this end, throughout the statute, in CB, in K, in D, elsewhere, the Act makes regular use of this term, any person. In describing the people, debt collectors are prohibited from harming. And also, in section KA, in identifying the people with standing to sue for that harm. Remember, the term consumer is a defined one. In section 1692A, the Act defines who is and who isn't a consumer. The term any person is not defined in the Act. In reading the words for what they mean, any person means any person. So your argument would be, even if the zone of interest isn't issued, you don't have to get there. But if it were, it protects not only debtors, it more polices debt collectors. And if debt collectors harass a third party, that's equally covered by the zone of interest in this statute. Absolutely. Not only by the zone of interest of the statute, Judge, but by the plain language of CB. It says, CB says that debt collectors are prohibited from contacting any person, other than the true debtor, with a couple of exceptions that don't apply here. And then K says, any person can sue any debt collector who violates any provision of the Act with respect to that person. Now you can't have some random person file a suit and say, hey, I think that you violated the rights of my neighbor down the street. I'm going to take up this fight. That doesn't fit within the language of KA or CB, because the rights of that person haven't been violated by the debt collector. KA is what grants the private right of action to sue for violations of CB. What do we do with the fact that there are so many other circuits that have gone the other way, from the, I'm pulling up the Sixth Circuit, the Seventh Circuit, and then the Eleventh Circuit in an unpublished opinion? They haven't. So we brief those cases, and not a single one is on CB. And one of those cases, Montgomery actually supports our position, because it stands for the proposition, yeah, a third party can file suit under D, under E, under other sections, but not one of those decisions that you just referred to, Judge, is the decision on CB. Those decisions, to the extent that they address C, are on CA. Every one of those decisions involve the pro se debtor filing an empty CPA complaint. And if you look at our briefing on those cases, every one of those complaints was an absolute mess. All right? The pro se plaintiff didn't know what to plead, didn't know how to plead it, but nobody had a CB claim. Not in any of those. So there have been exactly zero circuits, zero circuit court of appeals that have ruled there's no third party standing to sue under CB. So we think that that argument is invalid. Did that answer your question? Let me get to our second and third point on appeal. I think we're clear on point one. We're asking this court to just read the words of the statute. And it operates such that you know, Magdy absolutely has the ability to sue under CB and KA. The second point on the CB system, in its brief, citing the Montgomery case, agrees that a third party has standing to sue under 1692D, which uses the same any person language as CB. Magdy asked in writing to amend his pleadings to include a 1692D claim before the expiration of the deadline to amend. And the district court were contending abused its discretion by not allowing the error for D. We just needed to insert 1692D and we'd have a claim. And so we think it's an abuse of discretion for the judge to kick the case. The third point on appeal is simpler still. If the district court is right about everything, it wrote that Magdy, quote, lacked standing and dismissed the case. As the case originated in state court, 28 U.S.C. 1447 required the district court to remand and not dismiss the case. Is that true when the decision here is that there's no standing under the federal statute that you just dismiss it? You go off and do whatever you want to do with your state claim? Or, you know, if you think, I mean, do you have to really remand it? What's left to be alive to be remanded at that point? You're saying, hey, we have no federal standing. You're not supposed to be here because you don't meet the statutory standing. Well, because, well, the answer is yes, you really have to remand it. Why? Well, because the statute, the statute requires, Section 1447 requires remand. The case on point is Wallace v. Conagra from the 8th Circuit. But isn't, I don't know, I mean, and maybe it's just that I did it wrong for a million years as a district judge, but I always lived under the impression that if you didn't have Article III standing and the claim was kicking around there, then you're supposed to send it on back to the district courts. But, you know, if you're just saying you don't have your federal statute go away, that's, you don't got standing under the statute. And so what's left, right? I mean, your deal is in the state courts. That's your deal. I mean, it's not, I mean, I didn't see where it was my job to remand that case to the federal courts. But, you know, obviously you believe I'm completely wrong. So why? Well, I understand your position. But I think that the state courts in Missouri have different law on standing than would be applied in the 8th Circuit or in the district courts. And that's true of Article III standing or any other type of standing. The cases don't differentiate between the types of standing. But they say if you find lack of standing, you don't have jurisdiction, if the case originated in federal court, you can dismiss. But on that finding, if it didn't originate in federal court, it must be remanded. I'm still confused. Because I would have said that, you know, here's how it works. If you don't have Article III standing or we lack subject matter jurisdiction, then you would remand because you have to. Because it's not our ballgame. It goes back to the state courts. But I always thought that if you just don't have standing under a federal statute, then you just say lack of federal standing under the statutory scheme, that you can just dismiss it. There is no such distinction that is drawn by the statute. All I can do is read the statute and the cases, right? And so there's no such distinction drawn in the statute. There's no such distinction drawn in the cases. When the dismissal is due to lack of standing, it must be remanded. We think that's the clear line for our third point of appeal. I see I'm out of time. May it please the Court, Xerces Martin on behalf of IC System, Appley. We're obviously dealing with a very unique set of facts in this case, not likely to be replicated probably ever again. And what we're dealing with is a case that strays very far from your typical 1692CB case, which would be where a collection agency maybe speaks to a debtor's employer or something. And so the debtor never authorized that communication to his employer, and therefore that consumer is harmed because disclosure of his own private facts were made to someone he did not authorize. And as Mr. Boyce argues, while words have meaning, you have to apply common sense to the sentences that those words make. In the FDCPA's Congressional Findings and Declaration of Purpose, in Section B, it states existing laws and procedures for redressing injuries are inadequate to protect consumers. Section E, the purpose to eliminate abusive practices, protect law-abiding ones, and protect consumers from abuses of debt collectors. The statute was written in mind to protect consumers. If you look at the language of each of the sections providing causes of action to people, only 1692D, which is for harassment purposes, expands to any person. Section C does not specify any person. It's the gatekeepers of the information being disseminated. What about 1692KA, which uses the word, any person is liable to such person in an amount equal to the sum of any actual damage sustained? Because the way you read it, it first says liability happens first. So you've got to look at the previous sections of the FDCPA, determine whether or not there's liability in those sections, then any person harmed in those sections may be found liable. But you agree that if we read solely 1692KA, that a third party could be held liable if one of the previous sections allows, or liable to a third party, excuse me. Based on the prior sections, I believe that 1692D is the only one that logically gives any person, any third party, a cause of action under the FDCPA. If you construe 1692K the way that appellant wants you to, then anyone can sue for any consumer possibly facing harassment. Well, then you would have an Article 3, I think it's a little circular. You'd have an Article 3 standing problem or a third party standing problem. With 1692KA, my only point is it says any person. It doesn't say any debtor. So you're right, you have to look at the previous provisions, but the limitation is not found in 1692KA. I mean, would you at least agree with that? I'd agree with that. Okay, so then we get back to 1692, what is it, the earlier one, and that's the one about dealing with third parties. So what in that particular provision protects only the debtor, do you think? So referring to 1692C, which we're here on today. So kind of going to the zones of interest that you referred to in Montgomery and also talked about by Hamilton and Todd, is the we keep mentioning kind of Article 3 standing. We're not here on Article 3 standing. We're here on consumer standing under the statute, which is a factual determination. But I think the zones of interest is applicable to this, as well as the recent Supreme Court case of TransUnion versus Ramirez, which did explore Article 3 standing, but it looked to the intent of the Fair Credit Reporting Act. And why did Congress word it the way it did? Why did it and the court, the Supreme Court stated that you have to look to the underlying common law aspect of these sections and how it applies there. Okay, let's step back. So I just want to kind of go through this systematically. Article 3 standing, I think there's probably Article 3 standing here based on the allegations, which is, hey, I had to do more work. I mean, I got to send 160 notices in this requirement. That's an injury. I think we would both agree that's an injury. And I agree too, and I'm not here to argue Article 3 standing. And then we go to zone of interest. And I think you're right under the old version of the zone of interest test. So I've been a fed courts professor for a very long time. And when I started teaching fed courts, that was the understanding of zone of interest. And then in 2014, we have the Lexmark case. And the Lexmark case says zone of interest is not what you fed courts professors have thought it meant for a long time. What it is, is you just read the plain language of the statute and you figure out, is this person covered by the plain language of the statute? And when you go to 1692c, I agree with you. Its purpose is to protect the consumer. But if you just read the plain language, it doesn't seem to limit the cause of action to just consumers. It seems to be broader than that. Now, that might be unintentional. It may not be legislative intent. But that seems to be the case. What's wrong with that analysis? I think it has to be read with common sense and the common law aspect that this section is meant to do, which is to protect a consumer of the dissemination or disclosure of his private facts. A lot of times in these cases, you have allegations. And I mean, there's tons of these cases across the United States where someone says, oh, this information was shared with third parties or whatever, and that caused me embarrassment, harm, emotional distress, and so forth. And so the way 1692cb is written is it has the language where the consumer is the gatekeeper of who that information can be disseminated to. And the consumer has the cause of action lying there because it's his information that he controls. It's not a third party's decision of who gets that information. It's the consumer controlling what third parties that information can be disclosed to. If that information is disclosed to a third party that the consumer did not authorize, you look to that common law aspect, his information, his private information was disclosed to third parties. Now why isn't it equally plausible to go the other way? I think you probably have the better understanding of the legislative purpose. But why can't it be debt collectors are really bad? They repo property. They harass your friends. And maybe this is all, I'm just supposing here, but they do abusive practices. So obviously there were some abusive practices that were targeted here. And so maybe it's about controlling debt collectors rather than protecting consumers. That might be a sub-purpose, but it's a broader regulation of debt collectors. Again going to the common sense, you really have to look at the typical hypothetical in this situation, which is like I described earlier. Like let's say a collector is calling a debtor's place of employment and saying, hey, where is this guy? He owes a debt to us. He's a bad person and we're trying to get this money from him. And so that can legitimately cause the consumer harm in that situation. It causes obviously a very awkward workplace situation. It causes him embarrassment. It can make him fear losing his job. That is the typical situation for the 1692CB cases. We'll take the third party though, and I don't mean to belabor this issue, but 160 times or whatever it was, at some point you call up and you say after the fifth or sixth time and you're thinking to yourself, okay, for sure, I've told the debt collector they shouldn't be contacting me. And then you hit the hundredth time and you're still being contacted. Why isn't that an equally big problem under the statute? We have to back up from that in the case here because we're just here on a motion for judgment on the pleadings. And we don't have evidence before the court, district court, this court about intent and otherwise. We're here simply based on the consumer standing issue and whether or not 1692CB should be applied the way appellant argues for it or the way we assert it should be argued or applied based on the 7th Circuit, 11th Circuit, 6th Circuit, all holding 1692C is the most narrowly construed provision in the FDCPA as written by Congress to only apply to consumers. And that doesn't limit other actions, which I think technically are really limited to 1692D for third parties. And to go to his point about 1692CB is not really addressed in those cases, well, each of those cases addresses 1692C, not parsing it down to A or B as applying only to consumers. And again, I just have to reiterate that it's because the common sense reading of it, it reads that way. And going to the common law aspect of the underlying kind of reason for these causes of action is to protect the consumer from the dissemination of his private facts. Running a little short on time here, but one thing to argue is that if you take 1692C, how would you change it to make it for any third party to have a cause of action under that? It would throw away what Congress put in there about the consumer being the gatekeeper of the information. It could simply read as any third party who receives communications from a collection agency has a cause of action. And so the way it's written does not make sense to interpret the way appellant wants it to be. Judge Erickson, I want to hit on your point about the remand. And in an Article 3 standing argument, remand can make sense. In this situation, it's a determination on the facts, so remand makes no sense. You run into a res judicata issue as well as a collateral attack on a judgment issue. If this court affirms the case or the order and somehow it still goes back to state court, then it's litigating the same facts once again and he's collaterally attacking the judgment entered by the district court. So it makes no sense to remand the case. That only makes sense in an Article 3 standing case. I'll answer any questions or I'll sit down. Thank you. Does counsel for the appellant have any time to take a minute to wrap up, Mr. Voigtas? Thank you, Judge Shepard. One important mistake that I caught, my counterparty represented that there was not the any person language in C.B. and it's in there. The statute reads a debt collector may not communicate in connection with the collection of any debt with any person other than the consumer. Or his attorney. Right. And it's right there in C.B. And common sense that was urged by my opponent, I agree, but common sense stops it. These are really plain and easy words and we should read them how they're written. Thank you. Thank you, counsel. Appreciate your arguments. This morning, the case is submitted and the court will render a decision in due course. The court will be in